UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-10364-NMG |
| | ) |
| CARLOS PACHECO, | ) |
|     a.k.a Miguel Rohen-Marquez, | ) |
|     a.k.a Carlos Baez, | ) |
|     a.k.a Juan Colon, | ) |
|     a.k.a Otoniel Nieves, | ) |
|     a.k.a "Melvin", | ) |
|         Defendant. | ) |

## FINAL ORDER OF FORFEITURE

**GORTON, D.J.,**

WHEREAS, on December 3, 2008, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment charging defendant Carlos Pacheco, a.k.a Miguel Rohen-Marquez, a.k.a Carlos Baez, a.k.a Juan Colon, a.k.a Otoniel Nieves, a.k.a "Melvin" (the "Defendant"), and others, with Conspiracy to Distribute Five Kilograms or More of Cocaine and Marijuana, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Three); and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Four)[1];

WHEREAS, the Indictment contained a Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which sought the forfeiture, upon conviction of the Defendant, and as a result of committing one or more of the offenses alleged in Counts One through Four of the Indictment, of (1) any and all property constituting or derived from any proceeds the said defendants obtained,

---

[1]The Defendant was not charged in Count Two of the Indictment.

directly or indirectly, as a result of the charged offenses; and (2) any and all property used or intended to be used, in any manner or part, to commit and to facilitate the commission of the offenses, and such property included, but was not limited to:

(a) $20,500.00 in U.S. Currency seized from a 1998 green Ford F-150 pickup truck, bearing New Brunswick, Canada registration CMO992 on October 21, 2008 ("20,500.00 in U.S. Currency")[2];

(b) $12,236.00 in U.S. Currency seized from 20 Merrimack Street, Methuen, Massachusetts on October 21, 2008; and

(c) a 1998 green Ford F-150 pickup truck, bearing New Brunswick, Canada registration CMO992, seized on October 21, 2008 (the "1998 Ford F-150")[3];

WHEREAS, the Indictment further provided that if any of the property described as being forfeitable to the United States, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the properties described in the Forfeiture Allegation of the Indictment, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on February 5, 2010, the Defendant pled guilty to Counts One, Three, and Four of the Indictment, pursuant to a written plea agreement he signed on February 5, 2010;

WHEREAS, in Paragraph 9 of the written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853, as a

---

[2] The 20,500.00 in U.S. Currency is the property of co-defendant Ken Lavoie.

[3] The 1998 Ford F-150 is the property of co-defendant Ken Lavoie.

2

result of his guilty plea;

WHEREAS, the Defendant agreed that the assets to be forfeited specifically included the Defendant's interest in, (1) $20,500.00 in U.S. Currency seized from a 1998 green Ford F-150 pickup truck, bearing New Brunswick, Canada registration CMO992 on October 21, 2008[4], and (2) $12,236.00 in U.S. Currency seized from 20 Merrimack Street, Methuen, Massachusetts on October 21, 2008 (the "$12,236.00 in U.S. Currency"), and admitted that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Counts One, Three, and Four of the Indictment;

WHEREAS, the Defendant consented to the forfeiture of his interests in the $12,236.00 in U.S. Currency, and agreed that the forfeiture may be carried out criminally, civilly, or administratively, at the discretion of the U.S. Attorney;

WHEREAS, on May 6, 2010, a sentencing hearing was held and the Defendant was sentenced to 60 months incarceration, to be followed by a term of 60 months supervised release, and in addition, the District Court ordered the Defendant to forfeit the $12,236.00 in U.S. Currency to the United States;

WHEREAS, on June 15, 2010, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in the $12,236.00 in U.S. Currency;

WHEREAS, the United States served notice of the Preliminary Order of Forfeiture on all

---

[4] The 20,500.00 in U.S. Currency is to be forfeited from co-defendant Ken Lavoie, pursuant to the Preliminary Order of Forfeiture endorsed by this Court on June 15, 2010.

parties that may have held an interest in the $12,236.00 in U.S. Currency, and notice of the forfeiture was posted on an official government internet website (www.forfeiture.gov), for at least 30 consecutive days, pursuant to 21 U.S.C. § 853(n), beginning on June 26, 2010, and a copy of the Declaration of Publication was filed with the District Court on July 30, 2010; and

WHEREAS, no claims of interest in the $12,236.00 in U.S. Currency have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the $12,236.00 in U.S. Currency, and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853.

3. All other parties, having any right, title, or interest in the $12,236.00 in U.S. Currency are hereby held in default.

4. The United States is hereby authorized to dispose of the $12,236.00 in U.S. Currency in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this 23rd day of Sept, 2010.

_____
NATHANIEL M. GORTON
United States District Judge

Date: